IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-2067-CM-JPO |
| | ) | |
| THE JOHNSON COUNTY | ) | |
| DETENTION CENTER, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT HAYDEN AND THE JOHNSON COUNTY DETENTION CENTER'S
RESPONSE OPPOSING PLAINTIFF'S OJBECTIONS TO REMOVAL**

Defendants Calvin Hayden, Sheriff of Johnson County, Kansas and the "Johnson County Detention Center," set forth the following response opposing Plaintiff's "Objection to Removal" (Doc. 7).

**I.  Background**

Plaintiff was arrested on a warrant for telephone harassment and incarcerated at a Johnson County Detention Center from Thursday afternoon, February 9, 2017, until her release on Friday, February 10, 2019.  She filed the current version[1] of this legal action in state court on February 6, 2019.  (Jo. Co. No. 19CV00676).  Therein, Plaintiff seeks monetary and injunctive relief which is necessarily based on the alleged violations of her constitutional rights.  Accordingly, Defendants Hayden and the Johnson County Detention Center removed this action to this Court on February 7, 2019.

---

[1] Plaintiff's first suit was filed on August 11, 2017, in Missouri federal court (W.D. Mo. No. 17-667) and dismissed on December 19, 2017.  Her second attempt was filed in this Court on May 14, 2018 (D. Kan. No. 18-2249) and dismissed on December 10, 2018.  She also filed a third suit against defendant Rick Peck in Missouri state court on January 7, 2019, (Ja. Co. Mo. No. 1916-CV01245) which has been removed to the U.S. Western District of Missouri (W.D. Mo. No. 19-030).

Plaintiff has objected to the removal and Defendants now submit the following response confirming removal is appropriate based on federal question jurisdiction.

## II.  Federal Question Jurisdiction

### A.  Standards for Jurisdiction

Defendants may remove a state court action to federal court if the case originally could have been filed in federal court. *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 247 F. Supp. 2d 1215, 1223 (D. Kan. 2002). In this case, the propriety of the removal hinges on whether the cases fall within the original federal-question jurisdiction of the federal courts. *Id.* (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule governs whether there is federal-question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As set forth below, Plaintiff's claims in this case are a thinly veiled attempt at setting forth violations of constitutional rights during her incarceration.  Any finding in her favor is necessarily dependent upon an underlying violation of her constitutional rights, and Plaintiff alleges as much.

Defendants also emphasize that—even if the Court considers the complaint as setting forth state law claims against these defendants—federal question jurisdiction is nevertheless proper.  A case may still arise under federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9 (1983) ("Leading commentators have suggested that for purposes of § 1331 an action 'arises under' federal law if in order for a plaintiff to secure the relief sought he will be obligated to establish both the correctness and the applicability to his case of a proposition of federal law.") (internal quotation marks omitted); *Rice v. Office of*

*Servicemembers' Group Life Ins.,* 260 F.3d 1240, 1245 (10th Cir. 2001) (explaining that a state law cause of action arises under federal law if "its resolution ... necessarily turn[s] on a substantial question of federal law, and that federal law in turn ... create[s] a private right of action"). Federal jurisdiction, then, is grounded on "the presence of a federal issue in a state-cause of action." *Merrell Dow,* 478 U.S. at 810 (1986).

In this case, the Court should find that Plaintiff is directly asserting federal questions by way of §1983 claims. She simply omits the citation to the statute and does not specifically identify it in her complaint. If not, then at the very least, federal jurisdiction is certainly grounded on some kind of state law claim that necessarily turns on a substantial question of that federal law.

**B.  Federal Claims in this Case**

Throughout her complaint, Plaintiff alleges the Detention Center or deputies intentionally took action, which violated her constitutional rights.  For example:

1.  She was not brought before a judge and given the reason for her incarceration.[2]

2.  She was not given the opportunity to make bail and leave.[3]

3.  She was not told what the bail was for the charge or permitted to make a call to arrange for bail.[4]

4.  She was not provided the medications she needed to have or access to any medical personnel.[5]

5.  She was not provided water or specific food.[6]

6.  She was put in a cell with bright lights.[7]

---

[2] Doc. 1-3, *Complaint*, pp. 42-43, ¶78(a), ¶78(c).
[3] *Id.*, at p. 42, ¶78(b); p. 44, ¶78(h).
[4] *Id.*, at p. 42-43, ¶78(c).
[5] *Id.*, at p. 43 ¶78(d); p. 43 ¶78(f); p. 44 ¶¶78(h), (i).
[6] *Id.*, at p. 43 ¶¶78(e), (f), (g); p. 44 ¶78(i).
[7] *Id.*, at p. 43 ¶78(g); p. 44 ¶78(i).

7. She was denied the right to call her lawyer.[8]

8. Deputies "humped her sexually" and dragged her across the "compound."[9]
Plaintiff specifically alleges these actions violated her federal rights arising under the

Constitution:

1. Caranchini's incarceration violated her Constitutional rights.[10]

2. She seeks injunctive relief "for the reason that this Court has found that the Johnson County Detention Center violates the constitutional liberties of all citizens of the United States by its action and inactions as shown by what Caranchini was subjected to during her incarceration . . ."[11]

3. She seeks injunctive relief ensuring detainees are afforded various constitutional rights.[12]

4. She seeks injunctive relief for detainees being placed in cells for more than three hours, where "such retention [is] a violation of constitutional rights to be considered innocent until proven guilty.[13]

5. She seeks a court order terminating the sheriffs in charge of each shift "for violating CARANCHINI's civil liberties."[14]

6. She seeks injunctive relief for herself and future inmates so that their rights are preserved.[15]

7. She alleges that incarcerated persons should be subject to "conduct from the Sheriffs which does not violate their constitutional rights.[16]

8. She alleges the sheriffs "felt free to treat to the inmates as they wished and did in fact treat the inmates, including Caranchini, as they wished in violation of the inmates constitutional rights;"[17]

9. She claims the sheriffs violated the constitutional rights of detainees.[18]

---

[8] *Id.*, at p. 44 ¶78(h).
[9] *Id.*, at p. 44 ¶78(i).
[10] *Id.*, at p. 50 ¶9.
[11] *Id.*, at p. 50, second paragraph.
[12] *Id.*, at p. 50 ¶1.
[13] *Id.*, at p. 52 ¶6
[14] *Id.*, at p. 53 ¶9.
[15] *Id.*, at p. 54.
[16] *Id.*, at p. 63 - 64 ¶103.
[17] *Id.*, at pp. 64-65 ¶105(e).
[18] *Id.*, at p. 65 ¶106.

10. She alleges "[t]he conduct of the Sheriffs who were allegedly supervised by Hayden but in fact at all times acted in any way they wished, and thus violated the rights of those in the Detention Center including those of Caranchini who was denied edible food, medical care, the right to be free from ridicule and sexual taunts and humping, who was physically harmed for the entire time she was in the "jail" by the Sheriffs who acted in any manner they chose because they believed they could and did in fact do so."[19]

Plaintiff seeks unspecified actual damages, punitive damages and injunctive relief based upon these constitutional violations. Although Plaintiff doesn't specifically cite to 42 U.S.C. §1983 in her Complaint, the above repeated references show her claims are undoubtedly for vindication of her constitutional rights, which necessarily falls under the ambit of 1983 claims. Plaintiff's attempt to camouflage her civil rights claims is inadequate and unconvincing. At the least, any state law claims alleged unquestionably turn on some construction of that federal law. Federal question jurisdiction is proper and appropriate in this case.

**C. Plaintiffs Objections Fail to Merit Remand**

1. As a preliminary matter, Plaintiff, an attorney or former attorney for approximately 40 years,[20] merely objects to removal. She wholly fails to seek action based on the objections, including remand. Based on this failure, and where the action has already been removed to this venue, Plaintiff's objections should be overruled without further action or remand by the Court.

2. Plaintiff's objections consist primarily of yet another reiteration of her factual allegations during incarceration, along with her vitriolic and grossly inaccurate complaints about counsel and the Court in prior litigation.[21] Therein, she vaguely references her belief that her claims in this case will be recognized as unspecified "common law" claims.[22] Such an

[19] *Id.*, at, p. 66 ¶ 108.
[20] *Id.*, at, p. 3 ¶1(b)-(d)
[21] Doc. 7, *Plaintiff's Objection to Removal*, pp. 1 – 10.
[22] *Id.*, at p. 6 ¶18. *See also* pp. 10, 12.

5

unspecified characterization of her allegations is grossly inadequate to refute that her facts and allegations, cited in Section B, above, seek relief for violations of her constitutional rights.  If not directly asserting a §1983 cause of action, then at the very least, Plaintiff asserts "the vindication of a right under state law [that] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. at 9.  Removal was therefore proper based upon federal question jurisdiction.

3.      Plaintiff also references her negligence claim against the Sheriff in Count III of her complaint.  However, this does not merit remand for two reasons.

First, it does not abrogate the constitutional claims against the "Johnson County Detention Center" in Count I, or against the unnamed sheriffs in Count IV, as referenced in Section B, above.  Federal question jurisdiction is proper based on those allegations alone, either as direct federal claims or indirectly where any state claims are necessarily depended upon the determination of a federal issue. *Merrell Dow*, 478 U.S. at 810.

As to the claims against the Sheriff, they are merely *respondeat superior* claims that are based entirely upon the allegedly unconstitutional acts of subordinate officers.  As set forth more fully in Defendant Hayden's Memorandum Supporting Dismissal (Doc. 5, § II.B, p. 4), Plaintiff does not allege any personal involvement with her incarceration. Nor does she allege the Sheriff was even aware of her incarceration and intentionally failed to take action with respect to her conditions or treatment.  Plaintiff does not allege the Sheriff's acquiescence in any officer's treatment of her.  Accordingly, her claim against him is through vicarious liability for the unconstitutional actions she has alleged against the unnamed officers as specified above in Section B.  Federal question jurisdiction is proper for Count III against the Sheriff and Plaintiff's objection should be overruled.

### III.     Conclusion

Plaintiff seeks relief based upon the violation of her constitutional rights.  She objects to removal merely because she does not like the results of her prior case and hoped her state court endeavors would fare differently.  Based upon what she has alleged in her complaint, Plaintiffs claims against the Johnson County Defendants are, in essence, § 1983 claims.  At the very least, and even if construed to set out state law claims, the resolution of those claims necessarily turn on substantial questions of that federal law, and that federal law in turn creates a private right of action. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d at 1245.  Accordingly, Plaintiff's objections should be overruled.

FERREE, BUNN, RUNDBERG
& RIDGWAY, CHTD.

    *s/  Kirk T. Ridgway*
Kirk T. Ridgway   KS No. 17172
Alex S. Gilmore    KS No. 27334
*Attorneys for Defendants "Johnson County*
*Jail" and Sheriff Calvin Hayden*
9393 W. 110th Street, Suite 200
Overland Park, Kansas 66210
(p) (913) 381-8180 / (f) (913) 381-8836
kridgway@fbr2law.com
agilmore@fbr2law.com

### CERTIFICATE OF MAILING

I hereby certify that on the 19th day of February, 2019, I electronically filed the foregoing Response Opposing Plaintiff's Objections to Removal with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gwendolyn G. Caranchini
1203 West 62nd Street
Kansas City, Missouri 64113
gwencaranchini@gmail.com

I further certify that I mailed the foregoing memorandum and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

[N/A]

_s/  Kirk T. Ridgway_
Kirk T. Ridgway

*I:\Shf  Caranchini, Gwen\Pleadings, Motions, Etc\( II ) US D Kan 19 CV 2067\Response Opposing Objections to Removal 021919 226.docx*