UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-2067-CM |
| CALVIN HAYDEN, et al., | ) |
| Defendants. | ) |

## **ORDER**

This case arises from the pro se plaintiff's incarceration at a Johnson County, Kansas detention center from February 9-10, 2017. It was originally filed in Johnson County District Court, but defendants removed it to this court on February 7, 2019. Defendant Calvin Hayden has filed a motion to stay discovery and pretrial proceedings (**ECF No. 6**) pending a ruling on his motion to dismiss (ECF No. 4). Plaintiff does not oppose staying discovery and pretrial proceedings, asserting that discovery should be stayed until the court decides her pending motion to remand (ECF No. 7).

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be

wasteful and burdensome.¹ The decision whether to stay discovery rests in the sound discretion of the court.² As a practical matter, this calls for a case-by-case determination.³

Neither party suggests discovery would affect the court's resolution of the two pending motions. If either motion is granted, this federal case will be dismissed. Thus, discovery at this time is unnecessary and potentially wasteful. Upon review of the record, including the pending motions, the court concurs with the parties that a stay of all pretrial proceedings—including discovery, the planning meeting conference, initial disclosures, and the scheduling of deadlines—is warranted until the court rules the pending motions.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Hayden's motion to stay is granted. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

2. Should this case remain pending in this court after the presiding U.S. district judge decides the motion to dismiss and the motion to remand, the parties shall confer and

---

¹ *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

² *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

³ *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

submit a Rule 26(f) planning report to the undersigned's chambers within 14 days of both motions being ruled.

Dated March 4, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge