**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GWENDOLYN G. CARANCHINI,

  Plaintiff,

  v.

CALVIN HAYDEN, et al.,

  Defendants.

Case No. 19-2067-CM-JPO

## MEMORANDUM AND ORDER

  Pro se plaintiff Gwendolyn G. Caranchini filed the present lawsuit against defendants Calvin Hayden, the Johnson County, Kansas Detention Center, Correct One Solutions, and Sheriffs of Johnson County, Kansas in Johnson County, Kansas district court on February 6, 2019. Defendants Johnson County, Kansas Detention Center and Sheriff Calvin Hayden removed the case to this court on February 7, 2019, citing jurisdiction under 28 U.S.C. § 1343(a). The matter is now before the court on plaintiff's Motion to Remand (Doc. 7).

  On February 9, 2017, deputies from the Johnson County Sheriff's Department arrested plaintiff on telephone harassment charges. Plaintiff was taken to the Johnson County Jail where she was held until she was released the following evening on bond. She was incarcerated for approximately 36 hours.

  Plaintiff cites various instances that occurred during her incarceration that are the basis of her lawsuit:

- She was not brought before a judge to be given the reason for her incarceration,
- She was not given an opportunity to make a telephone call to her lawyer or to make bail,
- She was not given an opportunity to post bail,
- She was denied her medications or the opportunity to see a doctor or nurse,
- She was placed in a cell with bright lights which intensified her migraine headaches,
- She was denied food that complied with her restricted diet,
- She was denied water,

-1-

- She was assaulted by multiple sheriffs who "humped her sexually" and then dragged her to another cell.

Plaintiff filed a 66-page complaint in the Johnson County, Kansas District Court, which defendants then removed to this court. Plaintiff seeks actual damages, punitive damages, and injunctive relief, but does not clearly state the legal basis for each of her claims. She does, however, mention that defendants violated her "constitutional rights" and her "civil liberties."

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over civil actions commenced by any person:

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a). When removal jurisdiction is based on federal question jurisdiction, the court generally relies on the well-pleaded complaint rule. *Baker v. Coxcom, Inc.*, 74 F. Supp. 3d 1375, 1377 (D. Kan. 2015). Under this rule, an action will only arise under federal law when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Therefore, when determining whether a federal question exists to justify removal jurisdiction, "a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or notice for removal." *Id.* (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)).

Here, defendants argue removal is justified because plaintiff's claims arise under federal civil rights law, specifically 42 U.S.C. § 1983. Defendants cite to numerous instances throughout plaintiff's complaint in which she claims violations of her "civil rights" or "constitutional rights."

Plaintiff moved to remand the case back to state court, arguing that her claims against defendants are common law claims and that when the complaint is read in totality, there are no constitutional claims. Specifically, plaintiff alleges that Counts I-IV are for negligence/gross negligence against defendants, and that there is no language to suggest that she asserts any constitutional claims.

The court has reviewed the complaint and notes that plaintiff does not clearly articulate her causes of action. Counts I-IV include a detailed recitation of facts but lack any specific legal basis for her claims. The court agrees with defendants, however, that the facts contained within Counts I-IV describe violations of plaintiff's constitutional rights, such as violations of her Sixth Amendment right to be notified of the accusations against her and to retain counsel, violations of her Eighth Amendment right to be free from cruel and unusual punishment, and violations of her Fourteenth Amendment rights, as a pretrial detainee, to be given adequate medical care. Throughout her complaint, plaintiff claims that she seeks redress for violations of her constitutional rights or civil liberties. The court therefore finds that it has federal question jurisdiction over this case and that removal was appropriate. The court may exercise supplemental jurisdiction over any potential state common law claims. *See* 28 U.S.C. § 1367(a).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 7) is denied.

Dated April 3, 2019, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**