# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GWENDOLYN G. CARANCHINI,

    Plaintiff,

    v.

SHERIFF CALVIN HAYDEN et al.,

    Defendants.

Case No. 19-2067-CM-JPO

## MEMORANDUM AND ORDER

Pro se plaintiff Gwendolyn G. Caranchini filed the present action against Johnson County Sheriff Calvin Hayden, the Johnson County Detention Center, Correct One Solutions, and Sheriffs of Johnson County, Kansas, for violations of her constitutional rights while she was incarcerated in the Johnson County Jail. The matter is currently before the court on Sheriff Hayden, the Sheriffs of Johnson County, Kansas, and the Johnson County Detention Center's Motion to Dismiss (Doc. 4). Defendants argue the claims against them should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court grants defendants' motion.

**I.**     **Background**

Plaintiff filed a 66-page complaint in Johnson County, Kansas District Court on February 6, 2019. Defendants removed the case to this court on February 7, 2019. The court will highly summarize the facts relevant to the present motion. Plaintiff, a former attorney[1], and Rick Peck were involved in an extra-marital affair. At some point Rick and his wife, Lola Peck, filed for a Temporary Restraining Order ("TRO") against plaintiff.

---

[1] Plaintiff admits she has been disbarred in all jurisdictions in which she held licenses to practice. She claims however, that she continues to represent federal government employees against government agencies in whistleblowing lawsuits in federal administrative agencies and in government employee discrimination/retaliation cases in front of the EEOC. She claims she was advised she could continue to "hold herself out as an attorney." (Doc. 3, at 3–4.)

On February 9, 2017, plaintiff appeared in front of a Johnson County District Court magistrate judge for a hearing on the TRO. At the conclusion of the hearing, deputies from the Johnson County Sheriff's Department arrived to arrest plaintiff on telephone harassment charges. Plaintiff was taken to the Johnson County Jail where she was held until she was released the following evening on bond. She was incarcerated for approximately 36 hours.

Plaintiff cites various instances that occurred during her incarceration that are the basis of her lawsuit:

- She was not brought before a judge to be given the reason for her incarceration,
- She was not given an opportunity to make a telephone call to her lawyer or to make bail,
- She was not given an opportunity to post bail,
- She was denied her medications or the opportunity to see a doctor or nurse,
- She was placed in a cell with bright lights which intensified her migraine headaches,
- She was denied food that complied with her restricted diet,
- She was denied water,
- She was assaulted by multiple sheriffs who "humped her sexually" and then dragged her to another cell.

Plaintiff maintains that all of her claims are brought under state common-law and are not constitutional claims, although she does admit that she believes her constitutional rights were violated.

## II.     Legal Standards

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."

*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal*, 453 F.3d at 1252.

Where a plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). The pro se liberality rule, however, does not extend to pro se plaintiffs who are licensed attorneys. *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (noting, "[a]lthough McNamara proceeds pro se, he is not entitled to have his filings liberally construed because he is a trained attorney."). This also includes disbarred attorneys. *See id.*, at n.2 (finding a disbarred attorney's filings should not be liberally construed, and stating, "the purpose behind affording a liberal construction to *pro se* filings—which is to assure adequate review of claims brought by non-legally trained individuals—would not be furthered by construing McNamara's filings liberally. We see no reason to hold McNamara to a less stringent standard than other legally trained individuals.").

### III. Analysis

Defendants move to dismiss plaintiff's complaint, arguing plaintiff failed to state a claim under Rule 12(b)(6). Defendants argue (1) the Johnson County Detention Center should be dismissed as it is not a legal entity that can be sued, (2) plaintiff's claims against Sheriff Hayden should be dismissed because liability cannot be based on a respondeat superior theory, (3) the unidentified deputies should be dismissed because the statute of limitations has expired, and (4) she has failed to state a claim on any of the constitutional violations she alleged in her complaint.

*a. Johnson County Detention Center*

Defendants first argue that the Johnson County Detention Center should be dismissed from the case because it is not a legal entity that can be sued. "Subordinate government agencies, in the absence

of statutory authorization, ordinarily do not have the capacity to sue or be sued." *Mashaney v. Bd. of Indigents' Def. Srvs.*, 355 P.3d 667, 672 (Kan. 2015) (quoting *Hopkins v. State*, 702 P.2d 311 (1985)). Kansas county jails are not legal entities that can be sued. *See, e.g.*, *Gray v. Kufahl*, No. 15-9203-CM, 2016 WL 4613394, at *3 (D. Kan. Sept. 6, 2016) (finding the Lyon County Detention Center is not an entity that can be sued.). Plaintiff concedes in her response that she cannot sue the jail. The court therefore dismisses the Johnson County Detention Center from the case.

    *b. Sheriff Calvin Hayden*

Defendants next argue that Sheriff Hayden should be dismissed from the case because plaintiff has not alleged any individual involvement by Sheriff Hayden in the incident. Instead, defendants allege that plaintiff's claims against Sheriff Hayden are based on the underlying conduct of the deputies at the jail, and that Sheriff Hayden cannot be held liable for constitutional torts under a theory of respondeat superior.

In response, plaintiff denies that her claims against Sheriff Hayden are based on a respondeat superior theory and instead maintains that the claims against Sheriff Hayden are for negligence or gross negligence in acting as the deputies' supervisor.

"Kansas law recognizes negligent supervision as a separate and distinct theory in addition to theories of negligent hiring and negligent retention." *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998). The tort is "distinct from respondeat superior and that liability is not imputed but instead runs directly from the employer to the person injured." *Miller v. Dillard's Inc.*, 47 F. Supp. 2d 1294, 1299 (D. Kan. 1999) (citing *Marquis*, 961 P.2d at 1225). To subject an employer to liability on a negligent supervision claim,

> plaintiff must show "some causal relationship between the dangerous propensity or quality of the employee, of which the employer has or should have knowledge, and the injuries suffered by the third person; the employer must, by virtue of knowledge of [its] employee's particular quality or propensity, have reason to believe that an undue risk of

> harm exists to others as a result of the continued employment of that employee; and the harm which results must be within the risk created by the known propensity . . . ."

*Doe v. United States*, 2017 WL 1318450, 2017 WL 1318450, at *6 (D. Kan. Apr. 10, 2017) (citing *Kan. State Bank & Trust Co. v. Specialized Transp., Servs., Inc.*, 819 P.2d 587, 596 (Kan. 1991) (quoting *Hollinger v. Stormont Hosp. & Training Sch. for Nurses*, 578 P.2d 1121 (Kan. Ct. App. 1978))).

Here, plaintiff has failed to state a claim for negligent supervision against Sheriff Hayden. Plaintiff alleges, generally, that Sheriff Hayden had duties he was required to perform as the supervisor of his deputies working at the jail, and "making sure they do not deny medication or food to inmates, or who deny their right to make phone calls to family to obtain bond, for failing to timely arraign inmates so that they are advised **BY THE JUDGE WHO OVERSEES THE JAIL, NOT SOME JUDGE WHO MAKES COMMENTS ABOUT NOT BEING THE CASE** what the charges are and what the bond is." (Doc. 13, at 16.) But plaintiff has not pleaded any facts to show that Sheriff Hayden had any knowledge, whatsoever, that his deputies were engaging in or had engaged in any unconstitutional or illegal conduct that would put him on notice that his failure to supervise them may cause another individual's injury. Plaintiff has not met her burden to show that Sheriff Hayden is liable under a negligent supervision theory, and he is therefore dismissed from this case.

    *c. Sheriffs of Johnson County, Kansas*

Next, defendants argue that the Sheriffs of Johnson County, Kansas should be dismissed because plaintiff failed to identify the unnamed deputies within the statute of limitations period. Plaintiff maintains that she filed her complaint within the statute of limitations period but has been unable to identify the individual deputies because the deputies were not wearing nametags and because she has a limited memory of the events due to the emotional distress she suffered.

Under Kansas law, "an action for injury to the rights of another, not arising on contract . . ." must be brought within two years. K.S.A. § 60-513(a)(4). Plaintiff filed her complaint in state court on

February 6, 2019. The alleged incidents occurred between February 9–10, 2017. The limitations period therefore expired on February 10, 2019. Plaintiff's complaint was filed within the limitations period, however, plaintiff did not, and has not attempted to name any individuals working at the jail as defendants.

If a plaintiff is unaware of a defendant's true identity, the use of a "John Doe" pleading is appropriate until the identity can be learned through discovery or through the aid of the trial court. 6 Fed. Proc., L. Ed. § 11:317; *see also Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) (finding dismissal was proper against the John Doe defendants because "the Federal Rules of Civil Procedure [do] not permit such actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does."). Unnamed defendants, however, must be identified and replaced in the pleadings within the limitations period. *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1198 (D. Kan. 1999). This is because a "plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party'" that is within the meaning of Rule 15(c), which allows for certain amendments to pleadings to relate back to the date of the original pleading. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Instead, the Tenth Circuit has held that a plaintiff's "substitution of named defendants for the original unknown 'John Doe' defendants" amounts to adding a new party rather than correcting a mistake as allowed by Rule 15(c)(1)(C). *Id.*; *see also Wesley*, 42 F. Supp. 2d at 1198 (finding, ". . . the replacement of a John Doe defendant with a named party constitutes the substitution of a party rather than the correction of a misnomer . . . [i]n that sense it is like the filing of a new lawsuit.").

For plaintiff to state a claim against the individual deputies she alleges are responsible for her injuries, she would have to identify the proper individuals within the statute of limitations period, which has now expired. And any attempt to substitute the Sheriffs of Johnson County, Kansas with the names

of the individual defendants allegedly at fault would not relate back to the original complaint under Rule 15(c). For these reasons, plaintiff's claims against the unnamed Sheriffs of Johnson County, Kansas are dismissed.

Even if plaintiff had been able to timely identify the individual deputies she alleges are responsible for her injuries, plaintiff's claims would still fail because she has failed to state a claim for relief. Plaintiff's 66-page complaint includes more than 20 pages of facts and four counts against the various defendants. It is not entirely clear from the complaint what causes of action plaintiff has alleged. Although most of her allegations resemble constitutional violations, plaintiff repeatedly maintained that she has not claimed any violations of her civil rights under 42 U.S.C. § 1983. She is insistent that her claims are for violations of state common law, however, she does not specify which particular causes of action are the basis for her claims. The court has no obligation to liberally interpret plaintiff's complaint. "State common law," alone with no further specificity, is insufficient to state a claim. Plaintiff has failed to state any cognizable grounds for relief, and any individual claims should be dismissed for failure to state a claim under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 4) is granted. Defendants Johnson County Sheriff Calvin Hayden, the Johnson County Detention Center, and Sheriffs of Johnson County, Kansas are dismissed from the case.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Expedite Rulings on Defendants' Motions (Doc. 24) is denied as moot.

Dated June 20, 2019, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**